UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES McLEAN, JR.,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No. 3:08-CV-566

(Judge Kosik)

FILED SCRANTON
JAN 1 2 2009
PER _____
DEPUTY CLERK

## MEMORANDUM

Before us is a dispute concerning a decision by the Social Security Administration (the "SSA") to reduce plaintiff James McLean's ("McLean") disability benefits. McLean filed a complaint on March 27, 2008 to challenge the SSA's decision to offset his disability benefits by his workers' compensation settlement. (Doc. 1.) The defendant, Michael J. Astrue, the Commissioner of Social Security, moved to dismiss the complaint for failure to exhaust administrative remedies. (Doc. 3.) The matter was assigned to U.S. Magistrate Judge J. Andrew Smyser. In the Report and Recommendation filed September 22, 2008, the Magistrate Judge found that the SSA, acting through its commissioner, had not rendered a final decision, and thus recommended that we dismiss Plaintiff's complaint because we lack jurisdiction to entertain a non-final decision of the SSA. Plaintiff filed objections to the Report and Recommendation, and Defendant filed a brief in response. For the following reasons, we adopt the Report and Recommendation of the Magistrate Judge, and dismiss the complaint.

1

I.  **Background**

We have taken the following facts from the Magistrate Judge's Report and Recommendation:

> The plaintiff, James McLean, Jr., filed a complaint on March 27, 2008. The complaint relates that the plaintiff began to receive social security disability benefits effective October 27, 2002. On November 13, 2003, the plaintiff settled a claim for workers' compensation benefits. The settlement amount was $83,000.00. The net amount received by the plaintiff was $63,701.70. On the basis of the workers' compensation settlement the Social Security Administration on September 7, 2007 reduced the monthly disability benefit it paid to the plaintiff from $1,124.00 to $342.00. The Social Security Administration did not use the appropriate life table guidelines in setting off the amount(s) set off on the basis of workers compensation payments, the complaint asserts.
>
> The plaintiff requested reconsideration by the Social Security Administration. A hearing was held on December 21, 2007. No action had been taken or decision announced before the plaintiff filed this complaint on March 27, 2008.
> . . .
>
> The defendant filed a motion to dismiss the complaint on June 16, 2008. A brief in support of that motion was filed. The motion argues that the plaintiff's complaint should be dismissed because administrative remedial procedures have not been exhausted, and there is not a final decision of the Commissioner in accordance with 42 U.S.C. 405(g).
>
> The plaintiff filed a brief in opposition to the motion to dismiss on July 4, 2008. The plaintiff argues that exhaustion should not be required because the reduction in benefits results in irreparable harm to him.
>
> The defendant filed a reply brief on July 22, 2008, and argues that there is not any basis presented by this case for the application of any exception to the exhaustion requirement.

(Doc. 7.)

II.  **Discussion**

Section 205(g) of the Social Security Act provides, in relevant part, that:

> any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the

2

>amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The language of § 205(g) limits our jurisdiction to include only appeals of final decisions of the Commissioner. See Califano v. Sanders, 430 U.S. 99, 108 (1977). Agency regulations define what constitutes a "final decision" of the Commissioner. According to those regulations, a claimant must complete a four-step administrative review process. See 20 C.F.R. § 404.900(a).

First, a claimant must receive an initial determination. See 20 C.F.R. § 404.900(a)(1). Second, if dissatisfied with the initial determination, the claimant may ask for reconsideration. See 20 C.F.R. § 404.900(a)(2). Third, if dissatisfied with the reconsideration determination, the claimant may request a hearing before an Administrative Law Judge. See 20 C.F.R. § 404.900(a)(3). Fourth, if dissatisfied with the ALJ's decision, the claimant may request that the Appeals Council reviews the ALJ's decision. See 20 C.F.R. § 404.900(a)(4). The Appeals Council may deny the request for review, in which case the denial serves as the final decision of the Commissioner, or it may grant the request and issue its own decision, which then serves as the Commissioner's final decision. Only after a claimant receives this final decision may the claimant seek judicial review by commencing a civil action within sixty days after receiving notice of the decision. See 20 C.F.R. §§ 404.900(a)(5).

Pursuant to the regulations of the Social Security Administration, the decision to reduce a claimant's disability benefits because a claimant also receives workers' compensation benefits is an initial determination. See 20 C.F.R. § 404.902(e); Griffin v. Astrue, 2008 WL 5052016, at *1 (10th Cir. Nov. 28, 2008). A claimant must administratively exhaust a decision to reduce

benefits in a manner that mirrors the steps outlined above. See 20 C.F.R. §§ 404.902(e), 404.907, 404.929, 404.967 & 404.981.

McLean admits the following in his complaint: "On or around October 4, 2007, Plaintiff filed a Request for Reconsideration [with the SSA]. A meeting was scheduled to hear the reconsideration issue on November 1, 2007. A notice was not sent to Claimant or to the representative of Claimant even after form SSA 1969-U4 was filed. The meeting was rescheduled for December 17, 2007, but had to be rescheduled again to December 21, 2007, which is when it was held. No reply has been forthcoming and Plaintiff remains without his sustenance of daily living." (Doc. 1 at 3.)

The defendant argues, and the magistrate judge agrees, that McLean's allegations in his complaint are tantamount to admitting that he has not exhausted his administrative remedies. We agree. As the SSA regulations provide, a reduction in benefits due to a claimant receiving workers compensation is an initial determination, subject to exhaustion. McLean alleges in his complaint that he has not yet been through one round of the benefit-reduction review process at the SSA. We understand that McLean is frustrated with the Social Security Administration's failure to act promptly, but we lack jurisdiction over this case until McLean has exhausted the administration review process as outlined in the SSA regulations above.

We note that McLean failed to follow Middle District Local Rules 72.2 and 72.3 regarding objections to the report and recommendation of a magistrate judge. The local rules require an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which the objection is made and the basis for such objection" and to "file a brief addressed to the issue raised by the objection." Plaintiff has failed to follow the local rules, as the substance of his objections is as follows:

4

> Plaintiff, James Mclean [s.i.c.], was approved for Social Security payments on or around May 7, 2003, which [disability] began on October 27, 2002. Plaintiff settled a Workers' Compensation claim in November of 2003 and provided the Social Security Administration with a copy of the Compromise and Release Agreement. On or around September 7, 2007, four (4) years later, the Defendant decreased and even stopped Plaintiff's disability payments due to a claim of overpayment. The monthly amount Plaintiff is receiving through Workers' Compensation is significantly less than the amount in which the Defendant decreased Plaintiff's disability.
>
> A hearing was held on or around December 21, 2007, and to date, nearly one year later, no decision was rendered. The Defendant has a duty to review overpayment/recoupment matters in a reasonable time and should act in a reasonable manner to ensure that the Plaintiff is not deprived of property.
>
> Plaintiff provided the Social Security Administration with all the necessary documents concerning his disability and Workers' Compensation; therefore, the alleged overpayment, which is denied is owed by Plaintiff, occurred through no fault of the Plaintiff; therefore, he should not be required to repay the overpaid amount. If such were to be determined to be due to overpayment, justice requires that after four (4) years, such alleged overpayment should be waived due to hardship.

(Doc. 10 at 2–3.) McLean does not cite to specific portions of the Report and Recommendation nor does he provide a brief—or any case law at all—to support his objections. McLean's failure to follow the Local Rules, however, has no bearing on our disposition of this case.

### Conclusion

Because McLean's challenge to his reduction in disability benefits has not been administratively exhausted, it is not properly before us. Therefore, we dismiss McLean's complaint without prejudice.

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES McLEAN, JR.,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No. 3:08-CV-566

(Judge Kosik)

## ORDER

AND NOW, this 12th day of January, 2009, IT IS HEREBY ORDERED THAT:

1. McLean's Complaint is **DISMISSED**;

2. The Clerk of Court is directed to **CLOSE** this case; and to **FORWARD** a copy of this memorandum to the magistrate judge.

_____
Edwin M. Kosik
United States District Judge

6